UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 17-29-DLB

CLIFTON MAXWELL                                                                          PETITIONER

VS.                    **MEMORANDUM OPINION AND ORDER**

SANDRA BUTLER, WARDEN                                                          RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Clifton Maxwell is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Maxwell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). For the reasons set forth below, the Court will deny Maxwell's petition.

In 2004, Maxwell pled guilty to conspiracy to distribute and possess with the intent to distribute cocaine and possession of a firearm in furtherance of a drug trafficking crime.[1] The district court determined that Maxwell had two prior felony drug convictions and, thus, was initially subject to a mandatory minimum sentence of life in prison pursuant to 21 U.S.C. § 841(b)(1)(A). The Government, however, filed a motion for a downward departure, and the district court granted that request, which relieved the Court from the otherwise applicable minimum mandatory sentence. Then, in June 2006, the district court sentenced Maxwell to 328 months in prison on the conspiracy charge and 60 months in

---

[1] The procedural history comes from *United States v. Clifton Maxwell*, No. 2:03-cr-072-JRG-1 (E.D. Tenn. 2006).

1

prison on the firearm offense and ordered that the sentences run consecutive to one another, for a total term of 388 months in prison. The district court later reduced Maxwell's sentence to a total term of 236 months in prison. Maxwell did not file a direct appeal, and his subsequent motion to vacate his sentence pursuant to 28 U.S.C. § 2255 was denied.

Maxwell has now filed a § 2241 petition with this Court. (Doc. #1). As best as the Court can tell, Maxwell is arguing that, in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), the district court erred when it determined that he had two prior felony drug convictions and, thus, was initially subject to a mandatory minimum sentence of life in prison pursuant to 21 U.S.C. § 841(b)(1)(A).

Maxwell's § 2241 petition, however, constitutes an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence through a direct appeal or a § 2255 motion, he generally may not do so by means of a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). The difference is that a § 2241 petition is usually a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Maxwell cannot use a § 2241 petition as a way of challenging his sentence.

Maxwell nevertheless argues that he can attack his sentence in a § 2241 petition, and he cites *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), to support his position. (Doc. #1-1 at 4-6). It is true that, in *Hill*, the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. *See Hill*, 836 F.3d at 599. However, in

doing so, the Sixth Circuit expressly limited its decision to the following, very narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply in this case. The district court sentenced Maxwell in June 2006, after the Supreme Court decided *Booker*. Furthermore, Maxwell has not invoked a subsequent, retroactive change in statutory interpretation by the Supreme Court. While Maxwell relies on *Mathis*, the Sixth Circuit recently explained in a published decision that "*Mathis* was dictated by prior precedent (indeed two decades worth)," and, thus, it did not announce a new rule, let alone a retroactive one. *In re Conzelmann*, No. 17-3270, 2017 WL 4159184, at *1 (6th Cir. Sept. 20, 2017). In short, Maxwell's petition falls outside of *Hill*'s narrow confines, meaning that he cannot attack his sentence through a § 2241 petition.

Finally, even if Maxwell could challenge his sentence, there is no merit to his argument that he was improperly subjected to an enhanced sentence under § 841(b)(1)(A). After all, the district court never ended up imposing that enhancement because it granted the Government's motion for a downward departure and sentenced Maxwell within the advisory guidelines range. Thus, Maxwell's petition is simply without merit.

Accordingly, **IT IS ORDERED** that:

(1) Maxwell's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc.# 1) is **DENIED**;

(2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3) A corresponding Judgment shall be entered this date.

This 3rd day of October, 2017.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\ORDERS\London\2017\17-029-DLB Memorandum CDS.docx